IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

STATE AUTO INSURANCE COMPANY,
   t/u/o *David Divelbliss*

   Plaintiff,

v.                       CIVIL NO.: WDQ-12-3209

JAMES LAMBERT,

   Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

State Auto Insurance Company ("State Auto") sued James Lambert for injuries sustained by its insured Donald Divelbliss.[1] Pending is the United States's unopposed motion to substitute parties and dismiss for lack of subject matter jurisdiction. For the following reasons, the motion will be granted.

I.   Background[2]

On August 6, 2010, Lambert, a U.S. Postal Service employee, was driving his mail truck in front of Divelbliss's home. *See*

---

[1] The actual name of the insured is not clear. The style of this case, derived from the notice of removal, gives his name as "David Divelbliss." *See* ECF No. 4. The original complaint names him "Donald Dive Bliss." ECF No. 2. In its current motion, the United States names him as "Donald Divebliss." *See* ECF No. 9. The police report of the accident names him as "Donald Lee Divelbliss." ECF No. 9-6. Because Divelbliss appears to be his last name, the Court will refer to him as such.

[2] The factual background of the accident is not in dispute for purposes of this motion.

ECF Nos. 2, 9-6. As Divelbliss was turning into his driveway, he collided with Lambert's mail truck. Id. State Auto paid Divelbliss $4066.01 for his losses, and Divelbliss paid a $250 deductible. ECF No. 2. On October 12, 2010, State Auto submitted a claim to the Postal Service for the damages. ECF No. 9-7.

On November 18, 2010, the Postal Service denied the claim, stating that no Postal Service employee had been negligent. ECF No. 9-8. The denial letter noted that State Auto had six months to file a suit under the Federal Tort claims Act ("FTCA"), the United States is the only proper defendant to such a suit, and the suit could only be brought in a federal district court. Id. Alternatively, State Auto could seek reconsideration within six months, if it had not filed suit, under 39 C.F.R. § 912.9(b). On May 18, 2011, State Auto again submitted its claim to the Postal Service. ECF No. 9-9. The Postal Service received it on May 23, 2011. See id. (date stamp).

On August 9, 2011, the Postal Service denied the claim as an untimely request for reconsideration because it had not received the letter until May 23, 2011. ECF No. 9-10. It further stated that it was not liable because Divelbliss was negligent and thus barred from recovery under Maryland law. Id. The denial reiterated State Auto's ability to sue the United States in federal court within six months. Id.

On August 29, 2012, State Auto sued Lambert in the District Court of Maryland for Allegany County for $4316.01 in damages from the accident. ECF No. 2. On October 26, 2012, the U.S. Attorney for the District of Maryland certified that Lambert was acting in the scope of his employment at the time of the accident. ECF No. 9-5. On November 1, 2012, the United States removed to this Court. ECF No. 3. On November 5, 2012, the United States moved to substitute itself for Lambert and to dismiss for lack of subject matter jurisdiction. ECF No. 9. State Auto has not responded.

II. Analysis

    A.   Subject Matter Jurisdiction and the FTCA

Under Fed. R. Civ. P. 12(b)(1), the Court must dismiss an action if it discovers it lacks subject matter jurisdiction. The plaintiff has the burden of proving the Court has jurisdiction, and the Court must make all reasonable inferences in the plaintiff's favor. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). The Court may "look beyond the pleadings" to decide whether it has subject matter jurisdiction, but it must presume that the factual allegations in the complaint are true. *Id.*

The FTCA is a "limited waiver of the United States's sovereign immunity by authorizing damages actions for injuries caused by the tortious conduct of federal employees acting

within the scope of their employment." *Suter v. United States*, 441 F.3d 306, 310 (4th Cir. 2006). In such cases, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; *see Suter*, 441 F.3d at 310. State Auto bears the burden of demonstrating the waiver of sovereign immunity under the FTCA including the inapplicability of any exceptions. *See Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). Additionally, "[a] tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

The FTCA shields individual government employees from liability. Under 28 U.S.C. § 2679(d)(1), the Attorney General may certify that a defendant was acting within the scope of his federal office or employment and cause the United States to be substituted as the defendant.[3] Under 28 C.F.R. § 15.4(a) the U.S. Attorney for the District where the suit is brought is authorized to make the certification.

---

[3] *See Osborn v. Haley*, 549 U.S. 225, 230 (2007) ("Upon the Attorney General's Certification, the employee is dismissed from the action and the United States is substituted as defendant in place of the employee.").

B.   Substitution of the United States

The United States asserts that it should be substituted as the defendant for Lambert, who is immune to suit. ECF No. 9-1 at 4-5. On October 26, 2012, the U.S. Attorney for the District of Maryland certified that Lambert was acting within the scope of his federal employment. ECF No. 9-5; see 28 U.S.C. § 2679(d)(1); 28 C.F.R. § 15.4(a). As State Auto has not challenged the certification, it is conclusive. See *Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1155 (4th Cir. 1997). Accordingly, the United States will be substituted for Lambert. See 28 U.S.C. § 2679(d)(1); *Osborn*, 549 U.S. at 230.

C.   The United States's Immunity

The United States asserts that it is immune to this suit because State Auto failed to file suit within six months of the Postal Service's denial of its claim. ECF No. 9-1 at 5-6.

Under 28 U.S.C. § 2401(b), a claim under the FTCA must be brought within six months of mailing of the agency's denial of the claim. "Failure to file a complaint within the limitations period warrants dismissal of the suit." *Zander v. United States*, 494 F. App'x 386, 387-88 (4th Cir. 2012) (per curiam).

Even if State Auto's second letter to the Postal Service was a timely request for reconsideration, its suit is still time-barred. On August 9, 2011, the Postal Service denied the

second request. ECF No. 9-10. State Auto did not file suit until more than a year later--beyond the six-month limitations period. Accordingly, State Auto did not comply with the FTCA, and this Court lacks jurisdiction. The motion will be granted.

III. Conclusion

For the reasons stated above, the United States's motion to substitute parties and dismiss for lack of subject matter jurisdiction will be granted.

_____4/9/13_____
Date

_____/s/ William D. Quarles_____
William D. Quarles, Jr.
United States District Judge